# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants. | CASE NO. 1:CV-06-0208-OWW-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(Doc. 3) |

Plaintiff is a state prisoner proceeding pro se. Plaintiff has filed an application to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. With the filing of his complaint, plaintiff filed a motion seeking a court order requiring prison officials to provide him with adequate medical attention and acknowledge his voluntary paper tray status.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of

1  irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of
2  success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of
3  success of the merits, or questions serious enough to require litigation." Id.

4        A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
5  threshold and preliminary matter the court must have before it for consideration a "case" or
6  "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
7  "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
8  2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has personal
9  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
10 determine the rights of persons not before the court." Zepeda v. United States Immigration Serv.,
11 753 F.2d 719, 727 (9th Cir. 1985).  Plaintiff is not entitled to preliminary injunctive relief until such
12 time as the court finds that his complaint contains cognizable claims for relief against the named
13 defendants and the named defendants have been served with the summons and complaint.  At this
14 juncture, plaintiff's motion for preliminary injunctive relief is premature.  Plaintiff may file another
15 motion for preliminary injunctive relief at a later stage.  Plaintiff is cautioned that any further
16 motions for preliminary injunctive relief that are filed before defendants are served with process in
17 this case will be denied as premature.

18       Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
19 preliminary injunctive relief, filed February 23, 2006, be DENIED, without prejudice.

20       These Findings and Recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
22 **days** after being served with these Findings and Recommendations, plaintiff may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
25 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
26 1153 (9th Cir. 1991).

27

28       IT IS SO ORDERED.

| | | |
|---|---|---|
| **Dated:** **March 7, 2006** | | **/s/ Dennis L. Beck** |
| 3c0hj8 | | UNITED STATES MAGISTRATE JUDGE |