# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM, | CASE NO. CV-F-06-0208 OWW DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| vs. | [Doc. 1] |
| A.K. SCRIBNER, et al., | |
| Defendants. | |

I. Screening Order

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 23, 2006.

A. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff is incarcerated. Plaintiff names Warden Scribner; Associate Warden Andrews; Dr. Graves; Correctional Officers Riddle, Robles, Luna, Kaylor, Williams and Munoz; Correctional Counselors Stockman, Brooks and Castillo; and Appeal Examiners Hodges-Wilkins and Grannis. Plaintiff is seeking monetary and injunctive relief.

Plaintiff alleges that on May 5, 2004, defendant Graves informed him that he had Hepatitis C. Plaintiff alleges that defendant Graves thereafter failed to schedule a follow-up appointment to discuss treatment options. Plaintiff contends that defendants Riddle, Stockman, Andrews, Castillo, Brooks, Grannis and Hodges-Wilkins failed to intervene by granting his appeals requesting medical treatment.

Plaintiff also alleges that he voluntarily elects to be placed on paper tray status because the plastic trays are not washed properly. Plaintiff alleges that on November 8, 2005, defendants Munoz and Luna took him off paper tray status because it was inconvenient to provide his paper trays. Plaintiff alleges that defendants Munoz, Luna, Kaylor and Williams refused to place plaintiff back on paper tray status and withheld meals from him.

Plaintiff alleges that on August 29, 2005, defendant Robles led an extraction team to extract the inmate directly below him from his cell. Prior to the extraction, plaintiff requested that defendant Robles remove him from his cell so that he would not be exposed to the chemical agent. Plaintiff alleges that defendant Robles ignored his request and consequently, he was exposed to the fumes and had to be taken from his cell and decontaminated. Plaintiff contends that defendants Robles and Luna returned

him to his cell before the cell was free of the fumes and plaintiff was therefore made to suffer for approximately one (1) hour before the air was clear.

Plaintiff also alleges that defendants Warden Scribner and Grannis have approved a practice throughout CDC to double cell prisoners despite the prisoners' protests. Plaintiff alleges that he is a risk for great harm based on this practice.

      C.      Plaintiff's Section 1983 Claims

           1.      Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

1 indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

2 In the instant case, plaintiff claims that the treatment he has received has been inadequate and
3 that he disagrees with the treatment that has been rendered. This is insufficient to state a claim. Plaintiff
4 alleges that he has been seen several times by the doctors. Plaintiff has failed to allege that defendants
5 knew of and disregarded a serious risk to plaintiff's health. Rather, the doctors rendered treatment,
6 though plaintiff considers the treatment insufficient.

7 With respect to Warden Scribner and defendant Grannis, plaintiff fails to state a claim for
8 supervisory liability. Supervisory personnel are generally not liable under section 1983 for the actions
9 of their employees under a theory of respondeat superior and, therefore, when a named defendant holds
10 a supervisorial position, the causal link between him and the claimed constitutional violation must be
11 specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589
12 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of
13 supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally
14 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act
15 to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a
16 repudiation of constitutional rights" and is "the moving force of the constitutional violation."'" Hansen
17 v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). As
18 discussed above, plaintiff has not alleged facts to indicate an underlying violation of his constitutional
19 rights, therefore, there can be no claim of supervisory liability against Warden Scribner.

20 In addition, "[A prison] grievance procedure is a procedural right only, it does not confer any
21 substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez
22 v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th
23 Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance
24 procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure
25 confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,
26 it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the
27 Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp.
28 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the

1 basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

2         2.     Paper Tray Status

3       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
4 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S.
5 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide
6 prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v.
7 McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).
8 Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may
9 be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost
10 v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994).  The
11 deliberate indifference standard involves an objective and a subjective prong.  First, the alleged
12 deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. at 834
13 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and
14 disregard an excessive risk to inmate health or safety."  Id. at 837.  Thus, "a prison official may be held
15 liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that
16 inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures
17 to abate it."  Farmer v. Brennan, 511 U.S. at 835.  Mere negligence on the part of the prison official is
18 not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer v.
19 Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S.
20 327, 33 (1986).

21       The denial of plaintiff's request for paper food trays rather than plastic food trays does not
22 constitute a serious deprivation within the meaning of the Eighth Amendment.  The court further finds
23 that plaintiff has alleged no facts that suggest that defendants Munoz or Luna knew of and disregarded
24 an excessive risk to plaintiff's health or safety.  Accordingly, the court finds that, based on the
25 allegations in this specific case, the alleged denial of paper food trays simply does not amount to a
26 violation of the cruel and unusual punishment clause of the Eighth Amendment.  The court does not
27 condone defendants' actions.  However, it is the opinion of this court that to find that the facts alleged
28 in this case implicate the cruel and unusual punishment clause of the Eighth Amendment would serve

to trivialize the Eighth Amendment.

      2.      <u>Cell Contamination</u>

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. <u>Hudson</u>, 503 U.S. at 7.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." <u>Id</u>. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. at 8 (quotations and citations omitted). With respect to excessive force claims, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see</u> <u>also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)).

Here, plaintiff's allegations regarding the contamination of his cell do no rise to the level of an Eighth Amendment violation. The officers may have been negligent in allowing the fumes to enter plaintiff's cell and in not removing plaintiff but they did not maliciously or sadistically use force to harm plaintiff. Plaintiff acknowledges that the officers were in the process of extracting another inmate from his cell. While it is unfortunate that plaintiff was harmed in the process, the officers' conduct did not violate plaintiff's constitutional rights.

      3.      <u>Double Cell Practice</u>

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit v. Ray</u>, 682 F.2d at 1250-51; <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to

6

1  a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate
2  indifference standard involves an objective and a subjective prong. First, the alleged deprivation must
3  be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson v. Seiter,
4  501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk
5  to inmate health or safety." Id. at 837. In addition, as discussed above, when a named defendant holds
6  a supervisorial position, the causal link between him and the claimed constitutional violation must be
7  specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589
8  F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

9       Here plaintiff claims that Warden Scribner and Grannis have approved a practice throughout
10 CDC to double cell prisoners despite the prisoners' protests. Plaintiff alleges that he is at risk for great
11 harm based on this practice. These allegations are insufficient to state a cognizable Eighth Amendment
12 claim. While being in danger of physical harm from a cell mate would be a sufficiently serious
13 constitutional deprivation, plaintiff does not allege that defendants are aware of any specific risk to
14 plaintiff or that they have ignored such risk. Plaintiff must link the defendants to an act or omission that
15 caused the deprivation of plaintiff's constitutional rights. In addition, in order to state a cognizable claim
16 for relief under the Eighth Amendment, plaintiff's allegations must demonstrate that defendants acted
17 with deliberate indifference to a serious threat to plaintiff's safety. The court finds that plaintiff has not
18 stated a cognizable Eighth Amendment claim against either defendant Scribner or defendant Grannis.

19     D.    Conclusion

20      The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure to
21 state any cognizable claims against the named defendants. The court has provided plaintiff with the
22 legal standards that appear to be applicable to his claims and will provide plaintiff with the opportunity
23 to file an amended complaint. In drafting his amended complaint, plaintiff is cautioned that it is his
24 responsibility to organize his complaint so that defendants and the court can readily ascertain which
25 claims plaintiff is pursuing against which defendants.

26      Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete
27 in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes
28 the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an

amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a complaint form;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint;
4. The failure to file an amended complaint that complies with this order may result in an order striking the amended complaint from the record; and
5. The failure to file an amended complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 29, 2006**        /s/ **Dennis L. Beck**
3b142a                                                UNITED STATES MAGISTRATE JUDGE

8