# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:06-208-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| A.K. SCRIBNER, et al., | (Doc. 30) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant's Motion to Dismiss**

**I.      Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed January 22, 2007, for violations of his Eighth Amendment rights against Defendant Duncan for allegedly implementing a double cell policy throughout the California Department of Corrections and Rehabilitation (CDCR) and against defendant Scribner for failing to provide an adequate policy for disinfecting barbering tools after each use.  On March 28, 2008, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies and failure to state a claim. Plaintiff filed an opposition on June 12, 2008, and Defendants filed a reply on June 19, 2008.

**II.     Dismissal for Failure to Exhaust**

1

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

1.  **Defendant's Motion**

CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). CDCR also has a process which allows inmates with disabilities to request a reasonable modification or accommodation by submitting a CDC Form 1824. Id. at § 3085(a).

Inmates may appeal any decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and submitting it to the second formal level of review. Id. § at 3085(b). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that the claim against defendant Duncan relating to the double cell policy should be dismissed because plaintiff's administrative grievance would not have alerted prison officials to his claim that the policy requires prisoners to double cell with each other despite their "known incompatibilities." Plaintiff filed appeal log number COR 03-2173, stating, "CDC has implemented a general policy, and practice of double celling. This procedure is imposed upon inmates whether they are willing or unwilling to comply." Plaintiff requests that the policy of requiring double celling of "unwilling" inmates be rescinded. Doc. 30-2. The appeal was denied at the Director's level on October 21, 2003.

**2. Discussion**

The Court rejects Defendant's argument that appeal log number COR 03-2173 did not put prison officials on notice of plaintiff's claim. Plaintiff's appeal complains that the double celling policy results in "unwilling" inmates being forced to cell together. Indeed, in the first level response, plaintiff's appeal was summarized as follows: "Inmate Ransom claims that California Department of Corrections is illegally forcing inmates to be double celled with inmates they are not compatible with." Doc. 30-2, Ex. B. The appeals process does not require that inmates draft their appeals with the precision of an attorney. If an inmate is going to file suit on the basis of wrongdoing by a prison official, that inmate must file an appeal which places officials on notice as to the basis of that wrongdoing. The failure to do so deprives officials of any opportunity review and take action on the alleged wrongdoing. In this instance, the appeal was sufficient to place officials on notice of plaintiff's claim.

**III. Dismissal for Failure to State a Claim**

In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion,
2  and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,
3  396 U.S. 869 (1969). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with
4  limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A.,
5  534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
6  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.
7  P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim
8  is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A Court may dismiss a
9  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
10 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
11 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
12 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
13 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
14 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
15 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
16 F.3d 871, 977 (9th Cir. 2001))).

17      Defendants argue that plaintiff's allegations are insufficient to state a cognizable Eighth
18 Amendment claim against either defendant. Defendants argue that inmates have no constitutional
19 right to single cell status, nor do they have the right to choose their cell mates. Defendants also argue
20 that CDCR's barbering policy provides for adequate sanitation of the barbering tools.

21      The Court has a statutory duty to screen complaints in cases such as this and dismiss any
22 claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C.
23 § 1915A. Given this requirement, the Court is disinclined to view with favor a subsequent motion
24 to dismiss for failure to state a claim. The instant motion is no exception. The Court made a finding
25 that Plaintiff's complaint states cognizable claims for relief against defendants Scribner and Duncan.
26 Defendants' attack on the merits of Plaintiff's claim is one not properly advanced in a 12(b)(6)
27 motion, and Defendants have set forth no arguments that persuade the Court that Plaintiff's amended
28 complaint is so woefully inadequate that it falls short of satisfying Rule 8. While inmates may not

have a constitutional right to single cell status, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). Plaintiff alleges that the double cell policy results in prisoners being housed together, regardless of their compatibility and therefore subjects inmates, including plaintiff to serious risk of harm. At the pleading stage, the Court cannot make a finding as a matter of law, that such policy does not violate the Eighth Amendment as alleged by plaintiff.

Defendants also argue that CDCR's barbering policy provides for adequate sanitation of the barbering tools. In support of their argument, defendants request that the Court take judicial notice of Operation Procedure 833, "Inmate Barbering Procedure," which requires barbering tools to be sterilized and sanitized after each haircut. However, plaintiff alleges that defendant Scribner was "well informed and aware the Hepatitis C was at epidemic proportions throughout CDC in general and CSP-COR in particular but did not provide training or an adequate policy to decontaminate/disinfect these barbering tools after each use." Once the court has before it the parties' evidence, plaintiff's claims may well be shown to be without merit. At the pleading stage, however, plaintiff's allegation that defendant Scribner knew of a serious risk of harm but failed to prevent it is sufficient to satisfy Rule 8.

E.   Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed March 28, 2008, be DENIED as follows:

   a. Defendants' motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies be DENIED; and

   b. Defendants' motion to dismiss for failure to state a claim upon which relief may be granted be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

1. specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   July 11, 2008**              **/s/ Dennis L. Beck**
   UNITED STATES MAGISTRATE JUDGE