# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:06-cv-00208 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS LUNA, KAYLOR, WILLIAMS AND MUNOZ FROM ACTION |
| vs. | |
| A.K. SCRIBNER, et al., | (Doc. 48) |
| Defendants. | OBJECTION, IF ANY, DUE IN TWENTY DAYS |

Plaintiff Bryan E. Ransom ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed on January 22, 2007. (Doc. 13.) On October 19, 2007, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 15.) Plaintiff submitted the required documents on November 2, 2007, and on November 27, 2007, the court directed the United States Marshal to initiate service on six defendants. (Docs. 16, 18.) Two of the six defendants subsequently made an appearance in this action. However, the Marshal was unable to locate and serve defendants Luna, Kaylor, Williams and Munoz, and on January 2, 2008, the Marshal returned the USM-285 forms to the court. (Docs. 19-22.) On April 23, 2009, the court ordered plaintiff to show cause within thirty days why defendants Luna, Kaylor, Williams and Munoz should not be dismissed from this action. (Doc. 48.) Plaintiff did not file a response to the order.

///

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify and serve Defendants Luna, Kaylor, Williams and Munoz. (Docs. 19, 20, 21, 22.) Plaintiff was provided with the opportunity to show cause why defendants Luna, Kaylor, Williams and Munoz should not be dismissed from the action at this time, but failed to do so.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that defendants Luna, Kaylor, Williams and Munoz be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 7, 2009**        /s/ **Dennis L. Beck**
                       UNITED STATES MAGISTRATE JUDGE