# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:06-CV-00208-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| A. K. SCRIBNER, et al., | (DOC NO. 52) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendations**

**I.  Background**

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Scribner and Duncan for violation of the Eighth Amendment. On February 4, 2010, Defendants filed a motion to dismiss pursuant to 28 U.S.C. § 1915(g). (Defs.' Mot. Dismiss, DOC No. 52.) On February 19, 2010, Plaintiff filed his opposition. (Pl.'s Opp'n, DOC No. 53.) On February 22, 2010, Defendants filed their reply. (Defs.' Reply, DOC No. 55.) The matter is submitted pursuant to Local Rule 230(l).

**II.  Legal Standard**

Title 28 of the United States Code, § 1915(g), which governs in forma pauperis

1 proceedings in federal court, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In making a determination as to whether a prisoner plaintiff may proceed in forma pauperis, the Court must consider all civil actions an appeals brought by the prisoner in any federal court.  Section 1915(g) is commonly known as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2003).  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed "'on the ground that [they were ] frivolous, malicious, or fail [] to state a claim.'" *Id.* (citing 28 U.S.C. § 1915(g)) (quotations omitted). When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's in forma pauperis status.  *Id.*  Once the defendant has made a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply.  *Id.*

**III.    Analysis**

The Court granted Plaintiff in forma pauperis pursuant to court order on May 1, 2006. (DOC No. 8.)  Defendants contend that Plaintiff has accrued three or more strikes pursuant to § 1915(g) and is thus ineligible to proceed in forma pauperis.  (Defs.' Mem. P. & A. Mot. Dismiss 1:26-2:2.)  Defendant also contends Plaintiff does not qualify for in forma pauperis status under the imminent danger exception.  (*Id.* at 3:22-2:2.)  Defendants move for revocation of Plaintiff's in forma pauperis status and dismissal of this action.

**A.    Strikes Pursuant To § 1915(g)**

Defendants submit that the following three cases count as strikes pursuant to § 1915(g): (1) *Ransom v. Doe, et al.*, CV 96-8204 RSWL (CT) (CD. Cal.) (dismissed December 6, 1996); (2) *Ransom v. Chief Williams, et al.*, CV 96-8203 MRP (CT) (C.D. Cal.) (dismissed December 10, 1996); and (3) *Ransom v. Sandoval, et al.*, 3:01-cv-0513 JM (JAH) (S.D. Cal.) (dismissed

January 10, 2002). The Court takes judicial notice of the above cases.[1] Neither party disputes that *Ransom v. Sandoval* was dismissed for failure to state a claim. Thus, the Court will examine only *Ransom v. Doe* and *Ransom v. Chief Williams*.

*Ransom v. Doe* was dismissed because Plaintiff's complaint violated the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Defs.' Mot. Dismiss, Ex. B-1, Dismissal Order of United States District Judge Ronald S. W. Lew, December 4, 1996; Ex. B-2, Judgment, December 4, 1996.) Where a § 1983 action alleges constitutional violations that necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or some other similar proceeding. *Heck*, 512 U.S. at 483-87.

Defendants contend that a dismissal pursuant to *Heck* is a dismissal for failure to state a claim. (Defs.' Mem. P. & A.Mot. Dismiss 3:12-14.) Plaintiff contends that a dismissal pursuant to *Heck* is for lack of jurisdiction and does not count as a strike. (Pl.'s Opp'n 4.)

The Ninth Circuit has not directly decided whether a suit dismissed pursuant to *Heck* counts as a strike under § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047. 1052 n.2 (9th Cir. 2007). The Defendants presume without presenting any analysis that a claim dismissed because of Plaintiff's failure to demonstrate favorable termination counts as a strike. Regardless, the Court accepts Defendants' position. Plaintiff's claims were either premature because Plaintiff had not achieved a favorable termination, or Plaintiff's claims were non-cognizable because Plaintiff failed to establish the required predicates for stating a claim. In either situation, Plaintiff fails to state a claim.

The burden thus shifts to Plaintiff to demonstrate that *Ransom v. Doe* should not count as a strike. Here, Plaintiff's reliance on the contention that the dismissal was for lack of jurisdiction is unavailing. Thus, the dismissal of *Ransom v. Doe* counts as a strike pursuant to 28 U.S.C. § 1915(g).

---

[1] On a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings. *See United States v. 14.02 Acres*, 547 F.3d 943 (9th Cir. 2008) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

3

1  *Ransom v. Chief Williams* was also dismissed pursuant to *Heck*. (Def.'s Mot. Dismiss,
2  Ex. C-1, Dismissal Order of United States District Judge Mariana R. Pfaelzer, December 4,
3  1996; Ex. C-2, Judgment, December 4, 1996.) Because this Court finds that a dismissal pursuant
4  to *Heck* counts as a strike, Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g).
5  Plaintiff thus may not proceed in forma pauperis in this action unless he qualifies for the
6  imminent danger exception.

      **B.**      **Exceptions to § 1915(g)**

8        Defendants contend that Plaintiff's action does not qualify under the imminent danger
9  exception of § 1915(g). Defendants contend that Plaintiff does not allege imminent danger of
10 serious physical injury for his exposure to Hepatitis C because Plaintiff has already contracted
11 Hepatitis C.[2] (Def.'s Mem. P. &. A. Mot. Dismiss 3:22-4:2.) Plaintiff contends that he does
12 qualify under the imminent danger exception because he contracted Hepatitis C due to the unsafe
13 grooming policy and is currently suffering from the illness. (Pl.'s Opp'n 5-6.)[3]

14       Prisoners qualify for the imminent danger exception based on the alleged conditions at
15 the time the complaint was filed. *Andrews*, 493 F.3d at 1052. The imminent danger exception
16 requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly
17 over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege [] an
18 ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Id.*
19 (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). Thus, "a prisoner
20 who alleges that prison officials continue with a practice that has injured him or others similarly
21 situated in the past will satisfy the ongoing danger standard and meet the imminence prong of the
22 three-strikes exception." *Id.* at 1056-67 (quotations omitted).

23       Defendants' argument that contracting Hepatitis C automatically precludes Plaintiff from
24 pleading an imminent danger of Hepatitis C infection fails as a matter of controlling circuit law.

---

    [2] Defendants also contend that Plaintiff fails to allege any imminent danger from being double celled. Plaintiff does not address this argument. The Court agrees with Defendants' contention.

    [3] It is undisputed that contracting Hepatitis C constitutes a serious physical injury. *Andrews*, 493 F.3d at 1055 (quoting *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 8 (D.C. Cir. 2006) ("[A] chronic disease that could result in serious harm or even death constitutes serious physical injury.")).

*See id.* at 1056 (rejecting district court's rationale that contracting Hepatitis C prior to filing of complaint precluded plaintiff from qualifying for imminent danger exception for exposure to Hepatitis C). Defendants' contention that an individual who contracts Hepatitis C cannot be re-infected is also unsupported by any evidence. Here, Plaintiff alleged in his original complaint that pursuant to the prison grooming policy, Plaintiff was being exposed to a danger of contracting Hepatitis C. The issue is whether Plaintiff has alleged an 'ongoing danger' as described in *Andrews v. Cervantes*.[4]

The plaintiff in *Andrews* alleged that he faced threat from contagious diseases at California State Prison, Solano (hereinafter "Solano"). *Id.* at 1050. The plaintiff alleged that he was being housed with inmates who had infectious diseases, including HIV/AIDS, Hepatitis C, and Heliobacter pylori. *Id.* The plaintiff alleged that Solano had no policy of screening inmates for contagious diseases upon arrival. *Id.* The plaintiff complained that the contagious inmates lived in very close quarters, shared communal toilets, and used their cellmates' personal hygiene items without permission, including toothbrushes and razors. *Id.* The United States Court of Appeals for the Ninth Circuit found that the plaintiff's pleadings adequately alleged an ongoing danger that merited granting the plaintiff leave to proceed in forma pauperis pursuant to the imminent danger exception of § 1915(g). *Id.* at 1056-58.

This action is proceeding on Plaintiff's amended complaint, filed January 22, 2007, against Defendants Scribner and Duncan for deliberate indifference in violation of the Eighth Amendment. (Pl.'s Am. Compl., DOC No. 13.) However, "a plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). This action was brought when Plaintiff filed his initial complaint on February 22, 2006. (Pl.'s Compl., DOC No. 1.) Thus, the Court will examine Plaintiff's original complaint to determine whether at the time Plaintiff brought this action, Plaintiff was "under imminent danger of serious physical injury."

In his original complaint, Plaintiff alleges that he was exposed to a health hazard when,

---

[4] The Court is required to liberally construe pleadings by pro se litigants. *Wolfe v. Strankman*, 392 F.3d 358, 462 (9th Cir. 2004).

pursuant to mandatory prison grooming policy[5], inmates had to use communal barber tools with an inmate known to have Hepatitis C.  (Compl. ¶¶ 22-29.)  Plaintiff alleges that defendants were aware of the policy and the danger of Hepatitis C transmission, but failed to decontaminate or disinfect the barber tools after each use, or to isolate the contagious inmate from the other inmates.  (*Id.*)  Plaintiff contends he subsequently contracted Hepatitis C and suffers greatly from his damaged liver.  (*Id.*)

Under Ninth Circuit precedent, Plaintiff has sufficiently plead an imminent danger to serious physical injury.  Based on Plaintiff's allegations, the grooming policy is mandatory.  Defendants had no policy to isolate an inmate known to have Hepatitis C from other inmates during the usage of communal barber tools, or to decontaminate the barber tools after each use.  This falls within the "ongoing danger" standard followed in the Ninth Circuit.  Plaintiff thus is allowed to proceed in forma pauperis in this action.  Accordingly, Defendants' motion must be denied.

**IV.     Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g), filed February 4, 2010, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 3, 2010**                        /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff cites to Title 15 of the California Code of Regulations, section 3062, which governs inmate grooming standards.