# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. K. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-CV-00208-LJO-DLB PC<br><br>ORDER REGARDING MOTIONS TO MODIFY SCHEDULING ORDER<br><br>(DOCS. 51, 54, 58) |

　　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). This action is proceeding on Plaintiff's complaint against Defendants Scribner and Duncan for violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motion for ninety-day extension of time for discovery and to file an amended complaint, filed January 7, 2010; 2) Defendants' motion to modify the scheduling order, filed February 22, 2010; and 3) Plaintiff's second motion to modify the scheduling order, filed August 12, 2010.

**I.　　Plaintiff's January 7, 2010 Motion For Extension Of Time**

　　　　Plaintiff moves for a ninety-day extension of time to seek assistance as to discovery requests and to amend his complaint to include additional defendants. (Doc. 51.) Plaintiff contends that he suffers from Hepatitis C, which sometimes results in joint pain that inhibits his ability to write. The Court construes the motion as Plaintiff's first motion to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).

The Court's Discovery and Scheduling Order, filed April 23, 2009, set an amended pleadings deadline of October 22, 2009, and a discovery cut-off date of December 22, 2009. (Discovery and Scheduling Order, Doc. 47.) Plaintiff's motion is thus two weeks late as to an extension of time for discovery, and more than two months late as to an extension of time to amend the pleadings. Plaintiff provides no good cause as to why this motion to modify the scheduling order was filed after the deadlines had passed. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (defining "good cause" as not being able to meet the schedule despite the diligence of the party seeking the extension, and carelessness is not compatible with finding of diligence). Accordingly, Plaintiff's motion for ninety-day extension of time is denied.

## II.     **Defendants' Motion To Modify Scheduling Order**

Defendants move for a thirty-day extension of time to file a motion for summary judgment. (Doc. 54.) Defendants contend that filing a motion for summary judgment would be unnecessary if the Court granted Defendants' motion to dismiss, which was filed February 4, 2010. By separate order, the Court denied Defendants' motion to dismiss on September 9, 2010. (Doc. 61.) The Court's Discovery and Scheduling Order set a dispositive motion deadline of February 22, 2010. Defendants' motion to modify the scheduling order is thus timely. The Court finds that Defendants have presented good cause for an extension of time to file a motion for summary judgment. Accordingly, Defendants' motion to modify the scheduling order is GRANTED. Defendants are granted thirty days from the date of service of this order in which to file their motion for summary judgment.

## III.    **Plaintiff's Second Motion To Modify Scheduling Order**

Plaintiff requests a period of twelve months extension of time pursuant to Rule 16(b)(4), and Rule 60(b)(1) and (6), contending excusable neglect and other just reason to relieve Plaintiff from the Court's scheduling order. Plaintiff contends that he has experienced excruciating joint pain on March 13 and April 13 of 2009 as a result of his Hepatitis C ailment. Plaintiff contends that he has no assistance with his court filings. Plaintiff requests an October 22, 2010 deadline for amended pleadings; discovery cut-off date of December 22, 2010, and a dispositive motion

deadline of February 22, 2011.

Plaintiff again fails to provide good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 609. Plaintiff provides no explanation as to why he delayed in filing these motions. The Court does not find Plaintiff's late filings meet the criteria of excusable neglect, as Plaintiff does not explain why he delayed in filing his motion to modify the scheduling order until after the deadlines had passed. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259-60 (9th Cir. 2004) (denying Rule 60(b)(1) motion for excusable neglect when the plaintiff waited a year to locate evidence). A Rule 60(b)(6) motion is used sparingly to prevent manifest injustice, and only for extraordinary circumstances that prevented a party from taking timely action to prevent an erroneous judgment. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Plaintiff demonstrates no such extraordinary circumstance here. Accordingly, Plaintiff's motion to modify the scheduling order is DENIED.

**IV.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1) Plaintiff's motion for extension of time to file discovery and amend the complaint, filed January 7, 2010, is DENIED;

2) Plaintiff's motion to modify the scheduling order, filed August 12, 2010, is DENIED;

3) Defendants' motion to modify the scheduling order, filed February 22, 2010, is GRANTED. Defendants are granted thirty (30) days from the date of service of this order in which to file their motion for summary judgment.

IT IS SO ORDERED.

Dated:   September 14, 2010                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

3