# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. K. SCRIBNER, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:06-CV-00208-LJO-DLB PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, CONSTRUED AS OBJECTION TO MAGISTRATE JUDGE'S ORDER<br><br>(DOC. 64) |

　　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 7, 2010 and August 12, 2010, Plaintiff filed motions to modify the scheduling order to conduct discovery and amend his complaint. On September 14, 2010, the Magistrate Judge denied Plaintiff's motions. Pending before the Court is Plaintiff's motion for reconsideration, filed September 23, 2010. The Court construes this as an objection to the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72(a).

　　　　Rule 72(a) states in pertinent part: "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *see* 28 U.S.C. § 636(b)(1)(A). Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926,

1

1  943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct

2  independent review of purely legal determinations by a magistrate judge.  *Id.*

3     Plaintiff contends that the Magistrate Judge ignored relevant evidence in denying

4  Plaintiff's motion.  Plaintiff contends that he filed a similar motion to modify the scheduling

5  order in *Ransom v. Martinez, et al.*, Case No. 1:07-CV-01511-AWI-DLB PC.  Plaintiff contends

6  that the Magistrate Judge found good cause in *Ransom v. Martinez* but did not find good cause

7  here, even though Plaintiff presented similar reasons in both.

8     The difference between *Ransom v. Martinez, et al.*, and this action is that Plaintiff's

9  motion was timely filed in the former action.  Scheduling deadlines had not been reached.  Here,

10 the deadline to amend pleadings was October 22, 2009, and the discovery deadline was

11 December 22, 2009.  (Discovery and Scheduling Order, Doc. 47.)  Plaintiff filed his motion for

12 extension of time to amend his pleadings and conduct discovery on January 7, 2010, which is

13 untimely.  The Magistrate Judge found that Plaintiff did not give good cause as to why he

14 untimely filed his motion to modify the scheduling order.  The Court does not find the Magistrate

15 Judge's order to be clearly erroneous or contrary to law.

16    Accordingly, Plaintiff's motion for reconsideration, filed September 23, 2010, is

17 DENIED.

18    IT IS SO ORDERED.

19 **Dated:   September 29, 2010**          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

2