# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:06-CV-00208-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION, AND DENYING EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT |
| v. | |
| A. K. SCRIBNER, et al., | |
| Defendants. | (DOC. 68) |
| | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER BE DENIED |
| | (DOCS. 57, 68) |
| | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for temporary restraining order, filed August 9, 2010 and November 24, 2010. Docs. 57, 68. Because Defendants have already appeared in this action, the Court construes the motion as motions for preliminary injunction.

**I.      August 9, 2010 Motion**

Plaintiff contends that prison officials at Corcoran State Prison, where he is currently incarcerated, have lost eleven boxes of Plaintiff's property. Plaintiff contends that he was

1

1  compensated for this loss of property, but did not receive replacements for his legal supplies,
2  namely blank paper and similar items.  Plaintiff requests that the Court order the warden, the law
3  librarian, or the litigation coordinator produce the items requested.

4        "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
5  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
6  balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*
7  *Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of
8  preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending
9  the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d
10 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded
11 as of right." *Winter*, 129 S. Ct. at 376.  An injunction may only be awarded upon a clear showing
12 that the movant is entitled to relief.  *Id.*

13       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
14 must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
15 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
16 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it
17 has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court
18 may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter
19 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
20 court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

21       This Court finds an injunction is not necessary here.  Plaintiff's request does not concern
22 the matters in this action.  A party seeking preliminary injunctive relief "must establish a
23 relationship between the injury claim in the party's motion and the conduct asserted in the
24 complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  Additionally,
25 a preliminary injunction involving conditions of confinement at a prison must be "narrowly
26 drawn, extend[] no further than necessary to correct the violation of the Federal right, and is the
27 least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §
28 3626(a)(1)(A).  Plaintiff has also failed to demonstrate irreparable harm without injunctive relief.

2

Plaintiff has not contended that he is prevented from litigating this action.  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order, construed as a motion for preliminary injunction, be DENIED.

## II. November 24, 2010 Motion

Plaintiff contends that he is limited to only twenty pages of pleading paper per week at Corcoran State Prison.  Plaintiff contends that he has ten active cases with overlapping court deadlines, and thus, requires additional paper to meet court deadlines.  Plaintiff also requests an extension of time to file his opposition to Defendants' motion for summary judgment and to file his own motion for summary judgment.

Defendants filed a response to Plaintiff's motion on December 3, 2010.  Doc. 69. Defendants do not oppose an extension of time.  However, Defendants do oppose any cross summary judgment by Plaintiff as untimely.

The Court will grant Plaintiff an extension for Plaintiff to file an opposition, as Defendants do not oppose it.  However, Plaintiff has not demonstrated good cause for a modification of the scheduling order as to the dispositive motion deadline.  The dispositive motion deadline was October 14, 2010.  Doc. 62.  Plaintiff did not move for a modification of the scheduling order until November 24, 2010, more than a month after the deadline had elapsed. Plaintiff again provides no good cause for the untimeliness of his request for modification.  *See* Fed. R. Civ. P. 16(b)(4) (modification of scheduling order requires "good cause").  Accordingly, Plaintiff's motion for extension of time to file an opposition is GRANTED, and Plaintiff's motion to modify the scheduling order to file a motion for summary judgment is DENIED.

Plaintiff also requests that he be allowed to receive more than twenty pages of legal paper per week to litigate his actions.  The Court construes this as a request for preliminary injunctive relief.

Plaintiff has not demonstrated irreparable harm.  *Winter*, 129 S. Ct. at 374.  Plaintiff is inconvenienced by Corcoran State Prison's paper policy.  However, that inconvenience does not appear to have affected his ability to file documents in this action.  Thus, there is no irreparable harm.  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary

restraining order, construed as a preliminary injunction, should be denied.

### III.     Conclusion

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion for extension of time to file his opposition, filed November 24, 2010, is GRANTED and Plaintiff's opposition is construed as timely; and
2. Plaintiff's motion for modification of the scheduling order to file a dispositive motion is DENIED.

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction, filed August 9, 2010, should be DENIED; and
2. Plaintiff's motion for preliminary injunction, filed November 24, 2010, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 12, 2011**              /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE

4