1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  BRYAN E. RANSOM,                                    CASE NO. 1:06-CV-00208-LJO-DLB PC

9                    Plaintiff,                        ORDER DENYING PLAINTIFF'S MOTIONS
                                                       FOR RECONSIDERATION (DOCS. 86, 91)
10           v.

11  A. K. SCRIBNER, et al.,

12                    Defendants.
                                                /
13

14        Plaintiff Bryan E. Ransom ("Plaintiff") is a California state prisoner proceeding pro se

15  and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 6,

16  2010, Plaintiff filed a motion requesting further discovery.  On February 2, 2011, the Magistrate

17  Judge issued an order denying Plaintiff's motion, construing the motion as one to re-open

18  discovery.  On February 2, 2011, Plaintiff also filed a motion seeking clarification and

19  reconsideration.  Doc. 86.  On February 14, 2011, Plaintiff filed a motion seeking reconsideration

20  of the Magistrate Judge's February 2, 2011 Order, which denied Plaintiff's motion seeking

21  further discovery.

22        Pursuant to Federal Rule of Civil Procedure 72(a), which governs review of magistrate

23  judge's orders, "[t]he district judge in the case must consider timely objections and modify or set

24  aside any part of the order that is clearly erroneous or is contrary to law." *See* 28 U.S.C. §

25  636(b)(1)(A); L. R. 303.  The assigned district judge may also reconsider any matter *sua sponte*.

26  L.R. 303(g).

27        Under the clearly erroneous standard of review, a district court may overturn a magistrate

28  judge's ruling "'only if the district court is left with the definite and firm conviction that a

1

1   mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d

2   980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943

3   (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent

4   review of purely legal determinations by a magistrate judge.  *Id.*

5         In his February 2, 2011 motion, Plaintiff clarifies that Plaintiff is not requesting new

6   discovery, but seeks replacement of his previous discovery, which he contends prison officials

7   lost.  Plaintiff subsequently reiterates his arguments in his February 14, 2011 motion.

8   Accordingly, Plaintiff's February 2, 2011 is DENIED as moot.

9         In his February 14, 2011 motion, Plaintiff contends that Defendant Scribner, the former

10  warden of Corcoran State Prison, and Defendant Duncan, the former deputy director of the

11  California Department of Corrections and Rehabilitation ("CDCR"), are responsible for the loss

12  of Plaintiff's legal property.  Plaintiff contends that Defendants' successors are liable, as Plaintiff

13  sued both Defendants in their official capacity.  Plaintiff contends that the loss of legal property

14  has adversely prejudiced his ability to oppose Defendants' motion for summary judgment.

15        Plaintiff's request for replacement of previous discovery materials is treated as a motion

16  for preliminary injunctive relief.  "A plaintiff seeking a preliminary injunction must establish that

17  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

18  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

19  public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations

20  omitted).  Here, Plaintiff contends that he was prejudiced in his ability to oppose Defendants'

21  motion for summary judgment.  However, a review of Plaintiff's opposition indicates that he is

22  missing only one exhibit from his opposition, a findings and conclusion by a three-judge court

23  that ruled on *Coleman v. Schwarzenegger*, docket No. 2:90-cv-00520-LKK-JFM (E.D. Cal.), and

24  *Plata v. Schwarzenegger*, docket No. 3:01-cv-01351-THE (N.D. Cal), which were consolidated.[1]

25  There appears to be no irreparable harm deriving from Plaintiff's inability to submit a copy with

26  the Court in support of his opposition to Defendants' motion for summary judgment.  The Court

27

28
    _____

    [1] The Court takes judicial notice of *Coleman* and *Plata* and the three-judge court's order regarding those
    cases.

1    may take judicial notice of that order when it considers Plaintiff's opposition.

2           Plaintiff's request for sanction against Defendants is also denied.  Plaintiff seeks sanction

3    against Defendants for losing Plaintiff's property.  Plaintiff proffers no evidence that Defendants

4    are liable for the loss of Plaintiff's legal property in this matter.  Plaintiff concedes that

5    Defendants are no longer employed by the CDCR. Plaintiff's argument that their successors

6    should be liable because Plaintiff is suing Defendants in their official capacity is unavailing.

7           Accordingly, Plaintiff's motion for reconsideration, filed February 14, 2011, is DENIED.

8    IT IS SO ORDERED.

9    **Dated:    February 28, 2011**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3