UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>            Plaintiff,<br><br>   v.<br><br>A. K. SCRIBNER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-CV-00208-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(DOC. 66)<br><br>OBJECTIONS DUE WITHIN TWENTY - ONE (21) DAYS |

**Findings And Recommendations**

**I.     Background**

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed January 22, 2007, against Defendants A. K. Scribner and W.A. Duncan for violation of the Eighth Amendment.  Doc. 13.  On October 14, 2010, Defendants filed a motion for summary judgment.  Defs.' Mot. Summ. J., Doc. 66.  On February 14, 2011, Plaintiff filed his opposition.[1]  Docs. 87, 88, 89, 90.  On March 15, 2011, Defendants filed their reply.  The matter is deemed submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on November 27, 2007.  Second Informational Order, Doc. 17; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).

1

## II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2]  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

---

[2] The Federal Rules of Civil Procedure were updated effective December 1, 2010.

1 suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

//
//

### III. Undisputed Facts[3]

At all times pertinent to this Complaint, Plaintiff was an inmate in the custody of the CDCR incarcerated at California State Prison, Corcoran ("COR"), California. At all times pertinent to Plaintiff's February 2002 allegations against Defendant Scribner, Defendant Scribner was employed as an Associate Warden at Pelican Bay State Prison. Defendant Scribner did not become the Warden at COR until July of 2002.[4] Defendant Scribner retired from CDCR on January 9, 2006. At all times pertinent to this complaint Defendant Duncan was employed as the Deputy Director of the Institutions division of CDCR. Defendant Duncan retired from CDCR on August 30, 2003.

#### A. Barbering Tools

Plaintiff states that in February 2002 that for "five, six, seven months" he was housed next to an inmate that had Hepatitis C. Plaintiff claims that he and the inmate were given a total

---

[3] All facts are taken from Defendants' statement of undisputed facts and are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff has submitted a document which appears to comply with Local Rule 260(b). Plaintiff's verified complaint may be treated as opposing affidavits to the extent that they are verified and set forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court has read and considered all of the parties' arguments, even if they are not specifically addressed herein. The Court will consider those facts and evidence that are relevant to resolving Defendants' motion for summary judgment.

Defendants request judicial notice of four exhibits: product information for Barbicide Disinfectant, product information for Mar-V-Cide disinfectant, and the Environmental Protection Agency's list of products effective against Hepatitis C and HIV-1 Virus. *See* Defs.' Req. Judicial Notice, Doc. 66-10. The Court takes judicial notice of these exhibits. *See* Fed. R. Evid. 201.

Plaintiff requests judicial notice of various exhibits, including (1) an excerpt from the three-judge panel regarding *Coleman* and *Plata*, (2) the California Office Of Administrative Law 2007 OAL Determination No. 2, regarding OAL ## CTU 06-0829-01 and 06-0831-02, and (3) medical injury reports, rules violation reports, and crime/incident reports for various incidents at COR. The Court takes judicial notice of Plaintiff's first and second exhibits. Fed. R. Evid. 201(b). The Court will not take judicial notice of Plaintiff's remaining exhibits, as they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

[4] Plaintiff contends that Defendant Scribner was the warden of COR at all relevant times, citing to his declarations. Plaintiff lacks sufficient personal knowledge to dispute Defendant Scribner's own declaration that he did not become warden at COR until July 2002. *See* Fed. R. Evid. 602 (witness may not testify to matter unless witness has personal knowledge). Plaintiff's dispute is overruled.

4

1  of fifteen minutes to use the electric razor to shave.[5]

2  Plaintiff claims that the other inmate would cut himself with the electric razor and
3  Plaintiff would use it after the inmate. Plaintiff would spray the disinfectant provided on the
4  razor.

5  The Inmate Barbering Procedure in place in February of 2002 required all tools to be
6  sterilized and sanitized with either Mar-V-Cide or Barbicide, after each use.[6] The policy required
7  that the disinfectant contact the surface of the tools for at least ten minutes.[7] Mar-V-Cide and
8  Barbicide are approved by the Environmental Protection Agency as effective disinfectants.
9  Barbicide is proven effective against the Hepatitis C virus. Mar-V-Cide has the same active
10 ingredients as Barbicide, but is more concentrated.[8] The directions for Barbicide and
11 Mar-V-Cide state that the disinfectant should remain on the surface of an item for ten minutes.

12 The Associate Warden was responsible for the enforcement and implementation of the
13 policy, the Facility Captain was to ensure daily adherence to the policy, and the Facility
14 Lieutenant was to monitor the program to ensure that the Unit Sergeant and staff comply with the

---

[5] Plaintiff contends that he was not given a total of fifteen minutes to shave, citing to Exhibit I to his declaration. Exhibit I consists of a declaration from another inmate. First, Plaintiff's own deposition testimony supports the statement of fact. Devencenzi Decl., Ex. C-1, 17:6-13. Second, Plaintiff's Exhibit I supports the statement of fact. Plaintiff's dispute is overruled.

[6] Plaintiff contends that the inmate barbering procedure was deficient. Plaintiff cites to his declaration and Exhibit J, COR Operational Procedure 222 from October 2006, and Exhibit L, Plaintiff's inmate grievance.
  Defendants contend that the policy itself required the sterilizing and sanitizing of all barbering tools. *See* Ex. C-2, COR Operational Procedure 833, Inmate Barbering Procedure, May 2001, at § VI(A)(4)(c) and (j), § VI(B)(1)(b), and § VI(B)(3)(a), (d), (e), Doc. 66-6. Thus, Plaintiff's evidence does not dispute the statement of fact.
  The 2006 Operational Procedure, Plaintiff's declaration, and his inmate grievance does not dispute the requirements of the 2002 Inmate Barbering Policy. Plaintiff's dispute is overruled.

[7] Plaintiff disputes the policy, citing again to his declaration, Operational Procedure 222 from October 2006, and Plaintiff's inmate grievance. Plaintiff contends that the program does not permit for the ten-minute sanitation process. Defendants contend that the policy itself required disinfectant contact the surface of the tools for at least ten minutes. *See* Ex. C-2, § VI(A)(4)(j), Doc. 66-10. Additionally, Defendants contend that Plaintiff's calculations indicate that ten-minute sanitation process is feasible.
  Defendants are correct that the policy itself required ten minutes for sanitation. Plaintiff's dispute is overruled.

[8] Plaintiff contends Mar-v-cide does not claim to be effective against Hepatitis C. Plaintiff cites as evidence Defendants' Exhibit 4, of which the Court took judicial notice. Defendants contend the dispute is immaterial, as Mar-V-Cide has the same active ingredients as Barbicide, but is more concentrated.
  Defendants are correct that Mar-V-Cide contains a more concentrated form of the same active ingredient as Barbicide. Defendants' statement of fact is not factually incorrect. Plaintiff's dispute is overruled.

5

sanitation procedures on a daily basis.[9]

The Inmate Barbering Procedure was revised in May of 2002. 14. The revised policy required all tools be sanitized with an Environmental Protection Agency registered disinfect for ten minutes.[10] The Associate Warden remained responsible for the enforcement and implementation of the policy, the Facility Captain remained responsible for ensuring daily adherence to the policy, and the Facility Lieutenant was to monitor the program to ensure that the Unit Sergeant and staff comply with the sanitation procedures on a daily basis.[11] The May 2002 policy included a statement of staff responsibilities, sanitation quizzes for inmate barbers, sanitation inspection sheets, and set clear expectations for staff responsibilities through a post order addendum.

Plaintiff states that he was required to sanitize the tools himself and he did not have time to let the disinfectant sit on the razor for ten minutes. Defendants contend that Plaintiff has no admissible evidence that he caught Hepatitis C from the barbering tools after Defendant Scribner became responsible for the policy.[12] Defendant Scribner had no knowledge that staff at COR

---

[9] Plaintiff disputes this fact, citing to his declaration and Exhibit G, the Inmate Barbering Procedure of May 2001, sections IV Approval and Review, and V, Responsibilities. Plaintiff declares that Defendant Scribner knew of, implemented, maintained, and/or approved these practices.
    Defendants contend that Plaintiff speculates as to the knowledge of Defendant Scribner. Defendants contend that it is immaterial whether the warden approved or maintained the procedure.
    It is undisputed that the warden must approve the operational procedure and maintains overall responsibility for the procedure. However, maintaining overall responsibility is not the same as the associate warden's responsibility for implementing or enforcing the policy, the captain's responsibility for daily adherence, and the lieutenant's responsibility to ensure the unit sergeant and staff comply daily. Plaintiff presents no actual dispute with Defendants' statement of fact. There is no evidence that Defendant Scribner knew that any of his subordinates were not fulfilling their duties. Plaintiff cannot testify as to such. *See* Fed. R. Evid. 602 (witness may not testify without personal knowledge). Thus, Plaintiff's dispute is overruled.

[10] Plaintiff contends that this figure is disputed, citing to his declaration, his inmate grievance, and Operational Procedure 222 of May 2006. Defendants contend that Plaintiff's evidence fails to dispute the statement of fact.
    As stated previously, Plaintiff's evidence does not dispute that the policy itself required sanitization for ten minutes. Plaintiff's dispute is overruled.

[11] Plaintiff contends that this is disputed, citing to the 2001 policy. Defendants contend that Plaintiff's evidence fails to dispute this fact, as the 2001 policy does not concern the 2002 policy. Defendants are correct. Plaintiff's dispute is overruled.

[12] Plaintiff cites to his declaration in dispute. Plaintiff essentially contends that he contracted Hepatitis C from the use of inmate barbering tools when he used the tools after inmate Mullican, an inmate with Hepatitis C, used them.   Defendants contend that Plaintiff's statements are hearsay and inadmissible medical opinion.

6

were not following the requirements of the barbering policy.[13]

   **B.**   **Double Cell Policy**

Plaintiff claims Defendant Duncan circulated a memo in April of 2003 that required prisoners to double-cell with each other despite their incompatibilities. The memo circulated by Defendant Duncan in April of 2003 states "It is departmental policy and therefore the expectation that inmates double-cell and accept housing assignments as directed by staff." The memo directed, "It is imperative that Wardens maximize proper bed utilization," and warned inmates who refused to comply would "be held accountable and responsible for his or her actions and subject to disciplinary action[.]" The memo directed staff to "use correctional experience, correctional awareness, a sense of reasonableness, knowledge of the inmate population, facility environment, and the level of supervision in the housing unit when determining an inmate's need for single-cell housing."

Pursuant to the double-cell policy, inmates would be given single-cell status if they met certain criteria: a history of in-cell sexual abuse, assaults toward cell partners, significant in-cell violence against a cell partner, or predatory behavior toward a cell or dormitory partner.[14] Pursuant to the double cell policy, violent and predatory inmates were given single-cell status in

---

Plaintiff may testify only as to those opinions or inferences which are rationally based on the perception of the witness's testimony. Fed R. Evid. 701. It is beyond Plaintiff's perception to testify that he contracted Hepatitis C from the use of barbering tools. Plaintiff may not make an opinion based on scientific, technical, or other specialized knowledge, as he is not qualified as an expert to provide such testimony. *See* Fed. R. Evid. 702. Plaintiff dispute is overruled.

[13] Plaintiff contends that this fact is in dispute. Plaintiff cites to a declaration provided from another inmate, Kevin Fields. Defendants contend that such a declaration fails to establish that Defendant Scribner actually knew that the policy was not being followed.
   Mr. Fields's declaration fails to demonstrate that Defendant Scribner actually knew that the policy was not being followed. Mr. Fields allegedly brought these complaints to Defendant Scribner's attention. There is no evidence that Defendant Scribner actually knew about these complaints. Plaintiff's dispute is overruled.

[14] Plaintiff submits as evidence in dispute various crime incident reports, rules violation reports, and medical reports of injury regarding several incidents at COR. Pl.'s Request For Judicial Notice, Exs. A-K; Pl.'s Decl. ¶ 25. Defendants contend that this evidence is unauthenticated, inadmissible hearsay that fails to dispute evidence of the double-cell policy.
   Even assuming these documents are authentic, they do not demonstrate that the double-cell policy did not have a criteria by which certain inmates would be placed on single-cell status. Plaintiff's dispute is overruled.

an effort to ensure the safety of all inmates required to double cell.[15]  Plaintiff asserts that he should be able to refuse to cell with an inmate that he believes that he is not compatible with. Plaintiff has not been double celled since 1990.[16]  Plaintiff brought this lawsuit challenging the double celling policy as a preventative measure.

## IV.     Analysis

### A.     Deliberate Indifference And Supervisory Liability

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

---

[15] Plaintiff again cites to exhibits that fail to dispute this statement of fact.  However, the Court will modify the statement of fact to reflect that the policy required this, as that is a more accurate statement.

[16] Plaintiff disputes this fact without citation.  Defendants' statement of undisputed fact comes from Plaintiff's own deposition testimony.  Plaintiff's dispute is overruled.

1  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.
2  1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must
3  demonstrate some facts indicating that the defendant either: personally participated in the alleged
4  deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
5  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
6  constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*,
7  885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d . *List*, 880 F.2d
8  1040, 1045 (9th Cir. 1989).

### B.   Inmate Barbering Policy

Defendants contend that Defendant Scribner was not the warden at the time for the barbering policy, and thus he was not responsible for the implementation or development of the policy.  Defs.' Mem. P. & A. 5:12-16.  Defendants contend that the inmate barbering policy in effect when Defendant Scribner was warden of COR did not violate Plaintiff's Eighth Amendment rights.  *Id.* at 5:17-6:4.  Defendants contend that Plaintiff has no evidence that he contracted Hepatitis C because of the barbering policy, and thus lacks standing to bring the claim.  *Id.* at 6:9-12.

Plaintiff contends that Defendant Scribner was aware of the barbering policy and its deficiencies, but failed to take corrective measures.  Pl.'s Opp'n 5-6.  However, the undisputed facts do not support Plaintiff's arguments.  Defendant Scribner became warden in July of 2002, after the implementation of both the May 2001 and May 2002 Inmate Barbering Procedures. Thus, he was not responsible for developing or implementing the policy.  Plaintiff's contention that Defendant Scribner was aware of the barbering policy's deficiencies lacks evidentiary support.  Additionally, there is no dispute of material fact as to the adequacy of the Inmate Barbering Procedures themselves.  The barbering policy implemented at COR required sanitization of the barbering tools after use by each inmate, using products that were found by the EPA to be effective against HIV and Hepatitis C.  Based on the undisputed facts, there is no genuine dispute of material fact.  Accordingly, summary judgment should be granted in favor of

Defendant Scribner and against Plaintiff. Fed. R. Civ. P. 56(a). [17]

### C. Double Cell Policy

Defendants contend that Plaintiff lacks standing to contest the constitutionality of the double cell policy, as he has not actually been subject to the practice. Defs.' Mem. P. & A. 6:14-19. Defendants thus contend that Plaintiff lacks standing to challenge the policy. *See Lewis*, 518 U.S. at 351-52.

The undisputed facts indicate that Plaintiff has not been double-celled since 1990. Plaintiff brought this action as a preventive measure. Plaintiff's harm at this juncture is at best speculative. There is thus no deliberate indifference by Defendant Duncan, as the risk of serious harm is at best speculative, not excessive. *See Farmer*, 511 U.S. at 837 (risk of harm must be substantial).

An examination of the policy itself indicates that it is not facially violative of the Eighth Amendment.[18] Provisions regarding double-celling include limitations on who can be double-celled. Predatory inmates and inmates with a history of violence against other inmates would be placed on single-cell status pursuant to the policy. Plaintiff has not presented evidence that merely being housed with another inmate in the same cell creates a *serious* risk of harm to Plaintiff. Additionally, there is no evidence to support a finding that Defendant Duncan was actually aware of any substantial risk of harm to Plaintiff. *See Farmer*, 511 U.S. at 837 (holding that for deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Accordingly, summary judgment should be granted in favor of Defendant Duncan

---

[17] It is also unclear whether Plaintiff has standing to bring this claim against Defendant Scribner. Plaintiff has no admissible evidence that he contracted Hepatitis C because he used contaminated barbering tools. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996) ("It is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm . . . .").

[18] Plaintiff presents evidence that the policy was an underground regulation as found by the California Office of Administrative Law. Even if true, it is immaterial to the issue of whether the policy constitutes a violation of the Eighth Amendment.
Plaintiff's citation to the three-judge panel decision regarding *Coleman* and *Plata* is also immaterial. Prison overcrowding affecting the medical and mental health care provided is irrelevant to this action.

and against Plaintiff.[19]

### D. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982). As the Court finds that summary judgment should be granted in favor of Defendants, the Court declines to reach Defendants' qualified immunity arguments.

## V. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed October 14, 2010, should be granted;
2. Summary judgment should be granted in favor of all Defendants and against Plaintiff;
3. All other pending motions be denied as moot; and
4. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 6, 2011**            /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

---

[19] The Court notes that Plaintiff contends he was unable to submit additional exhibits in support of his claims regarding double celling, including statistics which allegedly indicate an increase in violence because of double-celling, and various rules violation reports and CDC 602 inmate grievances concerning in-cell violence. Pl.'s Mot., Doc. 94. Even if this evidence had been presented, it would be immaterial. Plaintiff has not been double-celled since 1990. Thus, Plaintiff's risk of serious harm is at most speculative, which does not demonstrate an Eighth Amendment violation.

11